KEVIN V. RYAN (SBN 118321)
United States Attorney
JOANN M. SWANSON (SBN 88143)
Chief, Civil Division
OWEN P. MARTIKAN (SBN 177104)
Assistant United States Attorney

    450 Golden Gate Avenue, 10th Floor
    San Francisco, California 94102-3495
    Telephone:  (415) 436-7241
    Facsimile:   (415) 436-6748
    Email:       owen.martikan@usdoj.gov

Attorneys for Federal Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CHRIS MILLER and JESSICA MILLER, a minor, by WYNN MILLER, her Mother as Guardian ad litem,<br><br>                  Plaintiffs,<br><br>    v.<br><br>RANGER ROGER MAYO, RANGER ANGELINA GREGORIO, CHIEF RANGER COLIN SMITH and SUPERINTENDENT DON NEUBACHER, of the U.S. National Park Service, and JOHN DOES 1-X,<br><br>                  Defendants. | Case No. C 05-00286 SI<br>**E-FILING CASE**<br><br>**STIPULATED PROTECTIVE ORDER GOVERNING THE RELEASE AND USE OF CONFIDENTIAL DOCUMENTS** |

      Subject to the approval of this Court, plaintiffs Chris and Jessica Miller and defendants Don Neubacher, Colin Smith, Roger Mayo, and Angelina Gregorio, by and through their undersigned counsel, hereby stipulate to the following protective order:

      WHEREAS, the parties agree that entry of the following protective order is necessary to: (1) facilitate discovery of information without a document-by-document controversy concerning confidentiality; (2) protect plaintiffs, defendants, the National Park Service, and the Department of Homeland Security ("DHS") from undue annoyance, embarrassment, oppression, burden, expense and interference with law enforcement duties resulting from public disclosure or use for

purposes other than this litigation of confidential information that the parties will disclose in discovery; and (3) avoid violation of the Privacy Act as codified at 5 U.S.C. §522a.

THEREFORE, the parties therefore request that the Court enter the following protective order pursuant to Federal Rule of Civil Procedure 26(c).

## STIPULATED ORDER

All medical records or other personal or private documents obtained from plaintiffs and all personnel and training documents or materials of the Department of the Interior, National Park Service, or Homeland Security obtained from defendants, or any document marked "Confidential" by either party (collectively, "Documents"), whether produced in response to discovery requests or other disclosures under the Federal Rules of Civil Procedure, are subject to the following restrictions:

1. The Documents and the information contained therein shall be used only for purposes of this litigation and not for any other purpose;

2. Neither the Documents nor the information contained therein shall be disclosed or provided to anyone other than (a) plaintiffs' attorneys and staff; (b) defendants' attorneys and staff; (c) the parties; (d) actual or potential third-party witnesses and their attorneys; (e) outside experts or consultants retained by any of the parties or their counsel for purposes of this litigation; (f) the Court in further proceedings herein; (g) stenographic deposition reporters for purposes of depositions in this action; and (h) other persons whom the parties mutually agree upon in writing.

3. There shall be no reproduction of the Documents except as required by the litigation. Copies, excerpts, or summaries of the Documents may be shown to those authorized in Paragraph 2 for purposes of their involvement in this case.

4. Except as otherwise provided in Paragraphs 2 and 3, all of the Documents shall remain in the custody of the parties' attorneys of record during the pendency of the litigation.

5. Within 30 days of the termination of this proceeding and the expiration of all time for appeal, all of the Documents, including copies, extracts or summaries thereof, shall be destroyed or returned to counsel for the producing party. Notwithstanding this paragraph,

1 | however, the parties' attorneys may retain one copy of each pleading and other document filed
2 | with the Court that contains any of the Documents covered by this Order. Furthermore, nothing
3 | in this paragraph shall be construed to require the parties' attorneys to turn over any attorney
4 | work-product.

5 | 6. Any filings with the Court that include any of the Documents, or any excerpts or
6 | summaries of the Documents, or any description of the contents of the Documents, shall be filed
7 | under seal in accordance with the Local Rules of this District.

8 | 7. This Stipulated Protective Order is without prejudice to the right of any party to
9 | seek modification of it from the Court. It shall remain in effect until such time as it is modified,
10 | amended or rescinded by the Court and shall survive termination of this action. The
11 | Court shall have continuing jurisdiction to modify, amend, or rescind this Stipulated Protective
12 | Order notwithstanding the termination of this action.

**SO STIPULATED.**

KEVIN V. RYAN
United States Attorney

_____/s/_____
OWEN P. MARTIKAN                    Date:   July 8, 2005
Assistant United States Attorney

*Attorneys for Defendants*

LAW OFFICES OF DENNIS CUNNINGHAM

_____/s/_____
GORDON KAUPP                        Date: July 8, 2005

*Attorneys for Plaintiffs*

**APPROVED AND SO ORDERED**.

DATED: _____

APPROVED
Judge Susan Illston
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

STIPULATED PROTECTIVE ORDER
C 05-0286 SI